# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
**Schwartz Law Firm, LLC**

### DEFENDANTS
**Selective Insurance Company of South Carolina**

(b) County of Residence of First Listed Plaintiff **Philadelphia, PA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **State of Indiana**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
**Aaron L. Peskin, Esq., Kevin Kotch, Esq., Ferrara Law Group, PC, 50 W. State Street, Ste. 1100, Trenton, NJ 08608**

Attorneys *(If Known)*
**Theresa E. Loscalzo, Esq., David Smith, Esq., Raymond J. Hunter, Esq., Schnader Harrison Segal & Lewis, LLP, 1600 Market St., Suite 3600, Phila., PA 19102**

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (*U.S. Government Not a Party*)
- [x] 4 Diversity (*Indicate Citizenship of Parties in Item III*)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [x] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [x] 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | PROPERTY RIGHTS | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / PROPERTY / [ ] 370 Other Fraud | LABOR | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | SOCIAL SECURITY | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / Habeas Corpus: | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | FEDERAL TAX SUITS | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | IMMIGRATION | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / Other: | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 540 Mandamus & Other 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (*Do not cite jurisdictional statutes unless diversity*):
**28 U.S.C. Section 1332, 1441, and 1446**
Brief description of cause:
**Insurance Coverage Dispute**

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: No [x]  [ ]

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE **Dec. 1, 2020**
SIGNATURE OF ATTORNEY OF RECORD
**/s/ Raymond J. Hunter**

### FOR OFFICE USE ONLY

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCHWARTZ LAW FIRM, LLC, | CIVIL ACTION |
| Plaintiff | Case No: |
| v. | |
| SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA, | |
| Defendant | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, Defendant, Selective Insurance Company of South Carolina ("Selective") removes this civil action from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania, and as grounds for removal states the following:

## PLAINTIFF'S CLAIM

1. On July 8, 2020, Plaintiff commenced a civil action in the Philadelphia County Court of Common Pleas: *Schwartz Law Firm, LLC v. Selective Insurance Company of South Carolina*, July Term, 2020, No. 0466. A true and correct copy of Plaintiff's complaint and all process, pleadings and orders from the state court action are attached hereto as Exhibit A.

2. Selective received a copy of Plaintiff's complaint on November 13, 2020.[1]

---

[1] Plaintiff failed to serve the complaint in accordance with the deadline for service of original process under the Pennsylvania Rules of Civil Procedure. In filing this Notice of

*…Continued*

3. Plaintiff's complaint for declaratory relief alleges that 1) Plaintiff sustained economic loss as a result of the COVID-19 pandemic and the Orders of the Governor of Pennsylvania aimed at mitigating the spread of the virus ("Closure Orders"), and 2) Selective must provide coverage for these losses under an insurance policy that Plaintiff purchased from Selective (hereinafter "Policy").

## DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

4. This Court has diversity jurisdiction over this action under 28 U.S.C. 1332(a), which provides, in relevant part: "The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . ."

## CITIZENSHIP OF THE PARTIES

5. Selective Insurance Company of South Carolina is an Indiana corporation with its principal place of business located at 900 East 96th Street, Ste. 400, Indianapolis, Indiana. Selective is therefore a citizen of Indiana pursuant to 28 U.S.C. § 1332.

6. Upon information and belief, Lee A. Schwartz, a citizen of Pennsylvania, is the sole member of Schwartz Law Firm, LLC, and no member of Schwartz Law Firm, LLC is a citizen of Indiana.[2]

7. Complete diversity of citizenship exists.

---

*Continued from previous page*
Removal, Selective does not waive any rights to object to or oppose the means and manner in which Plaintiff attempted to serve the complaint.

[2] The citizenship of a LLC is determined by the citizenship of its members and all of the LLC's members must be diverse from all parties on the opposing side. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).

**AMOUNT IN CONTROVERSY**

8. A notice of removal "may assert the amount in controversy if the initial pleading seeks . . . nonmonetary relief." 28 U.S.C.A. § 1446(C)(2)(A)(1).

9. When, as here, a complaint does not limit its request for damages to a precise dollar amount, the Court does not measure the amount in controversy by taking the low end of an open-ended claim, "but rather by a reasonable reading of the value of the rights being litigated." *See Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993); *see also Wilson v. Hartford Cas. Co.*, 2020 WL 5820800, at *4 (E.D. Pa. Sept. 30, 2020) (denying motion to remand and finding that the amount in controversy was met where plaintiffs did not specify a damages amount but sought damages "in excess of $50,000" for each of its six claims); *Myers v. State Farm Mut. Auto Ins. Co.*, 2020 WL 3592031, at *2 (E.D. Pa. Aug. 21, 2017) (noting that the rule for determining whether the amount in controversy is insufficient is whether it is apparent, to a legal certainty, that the plaintiff cannot recover the jurisdictional amount) (internal citations omitted).

10. When a plaintiff seeks a declaratory judgment relating to an insurance policy, the amount in controversy is at least the potential coverage amount of the policy itself. *See Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 397-98 (3d Cir. 2016) (holding that the amount in controversy for diversity jurisdiction over a declaratory judgment action is measured by the value of the *object* of the litigation) (emphasis added); *see also Liberty Mut. Fire Ins. Co. v. Yoder*, 112 F. App'x 826, 828 (3d Cir. 2004) (holding that the limit of an insurance policy is the amount in controversy even when the insured plaintiff asserts that the claim is for less).

11. Upon information and belief, the amount in controversy exceeds $75,000:

    a) The Policy's coverage limits are greater than $75,000;

  b) Plaintiff alleges that, prior to being "forced to close its offices to the public" as a result of the Closure Orders,[3] it was "doing substantial business," and that "[i]ts business has since been cut in half" and its "income has been reduced to a trickle." Compl. ¶ 22.

  c) On the Civil Cover Sheet filed with its complaint, Plaintiff represents that the amount in controversy is "[m]ore than $50,000.00."

12. Based on a reasonable reading of Plaintiff's complaint, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

13. Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

14. As stated previously, Plaintiff filed this law suit on July 8, 2020 and Selective received a copy of the complaint on November 13, 2020. Accordingly, Selective has filed this Notice of Removal less than 30 days after receipt of Plaintiff's complaint.

15. The United States District Court for the Eastern District of Pennsylvania is the proper venue for removal of this action because it is the District in which the state court action is pending. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

16. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings and orders from the state court action are being filed with this Notice of Removal as Exhibit A.

17. This Notice will be served on Plaintiff and filed with the Philadelphia County Court of Common Pleas, as required by 28 U.S.C. § 1446(d).

---

[3] Plaintiff does not allege the specific date on which it allegedly closed its offices due to the Closure Orders. However, Plaintiff refers to various Closure Orders, dated March 6, 2020 – March 22, 2020, in its complaint. Compl. ¶¶ 12-19.

4

18.    By this Notice of Removal, Selective does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action. Selective intends no admission of fact, law, or liability by this Notice of Removal, and expressly reserves all defenses, motions and/or pleas.

WHEREFORE, Selective requests that this Court effect the removal of this action from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

*/s/ David Smith* _____

Dated:  December 1, 2020

David Smith (Pa. I.D. 21480)
Theresa E. Loscalzo (Pa. I.D. 52031)
Raymond J. Hunter (Pa. I.D. 87797)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103-7286
Telephone: (215) 751-2000
Facsimile: (215) 751-2205
dsmith@schnader.com
tloscalzo@schnader.com
rhunter@schnader.com
*Attorneys for defendant,*
*Selective Insurance Company of South Carolina*

# **CERTIFICATE OF SERVICE**

I hereby certify that, on December 1, 2020, a true and correct copy of the foregoing Notice of Removal was served, via First Class Mail, upon the following:

>Aaron L. Peskin, Esq.
>Kevin Kotch, Esq.
>Ferrara Law Group, PC
>50 W. State Street, Ste. 1100
>Trenton, NJ 08608
>*Attorneys for Plaintiff*

Respectfully submitted,

*/s/ David Smith*_____

Dated:  December 1, 2020

David Smith (Pa. I.D. 21480)
Theresa E. Loscalzo (Pa. I.D. 52031)
Raymond J. Hunter (Pa. I.D. 87797)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103-7286
Telephone: (215) 751-2000
Facsimile: (215) 751-2205
dsmith@schnader.com
tloscalzo@schnader.com
rhunter@schnader.com
*Attorneys for defendant,*
*Selective Insurance Company of South Carolina*

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**JULY 2020**

E-Filing Number: 2005029865

**000466**

| | |
|---|---|
| **PLAINTIFF'S NAME**<br>SCHWARTZ LAW FIRM, LLC | **DEFENDANT'S NAME**<br>SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA |
| **PLAINTIFF'S ADDRESS**<br>1801 MARKET ST. SUITE 1845<br>PHILADELPHIA PA 19103 | **DEFENDANT'S ADDRESS**<br>900 E. 96TH ST. SUITE 400<br>INDIANAPOLIS IN 46240 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 1 | 1 | ☒ Complaint ☐ Petition Action ☐ Notice of Appeal<br>☐ Writ of Summons ☐ Transfer From Other Jurisdictions | | |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☒ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

**CASE TYPE AND CODE**
1D - INSURANCE, DECLARATORY JUDGMNT

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | FILED PRO PROTHY<br>JUL 08 2020<br>A. SILIGRINI | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES    NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: SCHWARTZ LAW FIRM, LLC

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>AARON L. PESKIN | ADDRESS<br>50 W STATE ST<br>SUITE 1100<br>TRENTON NJ 08608 |
|---|---|
| PHONE NUMBER: (609) 571-3738   FAX NUMBER: (609) 498-7440 | |
| SUPREME COURT IDENTIFICATION NO.<br>206995 | E-MAIL ADDRESS<br>aaron@ferraralawgp.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>AARON PESKIN | DATE SUBMITTED<br>Wednesday, July 08, 2020, 04:36 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

# COMMERCE PROGRAM ADDENDUM
## TO CIVIL COVER SHEET

This case is subject to the Commerce Program because it is not an arbitration matter and it falls within one or more of the following types (check all applicable):

____ 1. Actions relating to the internal affairs or governance, dissolution or liquidation, rights or obligations between or among owners (shareholders, partners, members), or liability or indemnity of managers (officers, directors, managers, trustees, or members or partners functioning as managers) of business corporations, partnerships, limited partnerships, limited liability companies or partnerships, professional associations, business trusts, joint ventures or other business enterprises, including but not limited to any actions involving interpretation of the rights or obligations under the organic law (e.g., Pa. Business Corporation Law), articles of incorporation, by-laws or agreements governing such enterprises;

____ 2. Disputes between or among two or more business enterprises relating to transactions, business relationships or contracts between or among the business enterprises. Examples of such transactions, relationships and contracts include:

    ____ a. Uniform Commercial Code transactions;

    ____ b. Purchases or sales of business or the assets of businesses;

    ____ c. Sales of goods or services by or to business enterprises;

    ____ d. Non-consumer bank or brokerage accounts, including loan, deposit cash management and investment accounts;

    ____ e. Surety bonds;

    ____ f. Purchases or sales or leases of, or security interests in, commercial, real or personal property; and

    ____ g. Franchisor/franchisee relationships.

____ 3. Actions relating to trade secret or non-compete agreements;

____ 4. "Business torts," such as claims of unfair competition, or interference with contractual relations or prospective contractual relations;

____ 5. Actions relating to intellectual property disputes;

____ 6. Actions relating to securities, or relating to or arising under the Pennsylvania Securities Act;

____ 7. Derivative actions and class actions based on claims otherwise falling within these ten types, such as shareholder class actions, but not including consumer class actions, personal injury class actions, and products liability class actions;

____ 8. Actions relating to corporate trust affairs;

**X** 9. Declaratory judgment actions brought by insurers, and coverage dispute and bad faith claims brought by insureds, where the dispute arises from a business or commercial insurance policy, such as a Comprehensive General Liability policy;

____ 10. Third-party indemnification claims against insurance companies where the subject insurance policy is a business or commercial policy and where the underlying dispute would otherwise be subject to the Commerce Program, not including claims where the underlying dispute is principally a personal injury claim.

FERRARA LAW GROUP, P.C.
BY: Aaron L. Peskin, Esquire
Identification No. 206995
Kevin J. Kotch, Esquire
Identification No. 70116
Ralph P. Ferrara, Esquire
Pro Hac Vice Admission Pending
50 W. State Street, Suite 1100
Trenton, NJ 08608
T: 609-571-3738
F: 609-498-7440
Email: Aaron@ferraralawgp.com
Email: Kevin@ferraralawgp.com

Ralph P. Ferrara, Esquire
*Of Counsel*
50 W. State Street, Suite 1100
Trenton, NJ 08608
T: 609-571-3738
F: 609-498-7440
Email: Ralph@ferraralawgp.com

Attorney for Schwartz Law Firm, LLC

Filed and Attested by the
Office of Judicial Records
08 JUL 2020 04:36 pm
A. SILIGRINI

| | | |
|---|---|---|
| SCHWARTZ LAW FIRM, LLC | : | COURT OF COMMON PLEAS |
|  | : | PHILADELPHIA COUNTY |
| v. | : |  |
|  | : | MAY TERM, 2020 |
| SELECTIVE INSURANCE COMPANY | : | NO. _____ |
| OF SOUTH CAROLINA | : |  |
|  | : |  |

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH

1

BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. <u>THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.</u>

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Philadelphia Legal Assistance<br>
718 Arch Street, Suite 300N<br>
Philadelphia, PA19106<br>
Telephone: (215) 981-3800

<u>AVISO</u>

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas \expuestas en las paginas siguientas, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta a sentar una comparencia escrita o en persona o con unabagado y entregar a la corte en forma escritasus defenses o susobjeciones a lasdemandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previaaviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATEMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGA TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA A DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEQGUIR ASISTENCIA LEGAL.

Philadelphia Legal Assistance<br>
718 Arch Street, Suite 300N<br>
Philadelphia, PA 19106<br>
Telephone/Telefono: (215) 981-3800

2

Case ID: 200700466

**FERRARA LAW GROUP, P.C.**
BY: Aaron L. Peskin, Esquire
Identification No. 206995
Kevin J. Kotch, Esquire
Identification No. 70116
Ralph P. Ferrara, Esquire
Pro Hac Vice Admission Pending
50 W. State Street, Suite 1100
Trenton, NJ 08608
T: 609-571-3738
F: 609-498-7440
Email: Aaron@ferraralawgp.com
Email: Kevin@ferraralawgp.com

Ralph P. Ferrara, Esquire
*Of Counsel*
50 W. State Street, Suite 1100
Trenton, NJ 08608
T: 609-571-3738
F: 609-498-7440
Email: Ralph@ferraralawgp.com

Attorney for Schwartz Law Firm, LLC

| | |
|---|---|
| SCHWARTZ LAW FIRM, LLC<br><br>v.<br><br>SELECTIVE INSURANCE COMPANY<br>OF SOUTH CAROLINA | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>MAY TERM, 2020<br>NO. _____ |

## **COMPLAINT**

Plaintiff, Schwartz Law Firm, LLC by and through its attorneys and by way of Complaint against Defendant Selective Insurance Company of South Carolina ("Defendant" or "Selective") alleges and states the following:

## I. PARTIES

1. Plaintiff Schwartz Law Firm, LLC ("Plaintiff" or "Schwartz") is a Pennsylvania corporation with its principle place of business located at 1801 Market Street, Suite 1845, Philadelphia, PA 19103.

2. Upon information and belief Defendant Selective Insurance Company of South Carolina ("Defendant" or "Selective") is a Delaware corporation with its principal place of business at 900 E. 96th St., Suite 400, Indianapolis, IN 46240.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 42 Pa. C.S. § 931 and the Declaratory Judgment Act, 42 Pa. C.S. §§ 7531-7541.

4. This Court has personal jurisdiction over Defendant as it regularly conducts business in the City of Philadelphia.

5. Venue in this Court is proper pursuant to Pa. R. Civ. P. 1006 as the cause of action arose here and a transaction or occurrence took place here out of which the cause of action arose.

## III. FACTS

### A. The Insurance Coverage.

6. Selective did issue to Schwartz a policy of insurance, policy No. S 23306601 (the "2019 Policy"), for the policy period April 6, 2019 to April 6, 2020

7. Selective also did issue to Schwartz a policy of insurance, policy No. S 233036602 (the 2020 "Policy") (collectively the "Policies"), for the policy period April 6, 2020 to April 6, 2021.

8. Schwartz has paid all premiums due under the Policies, and the Policies are in full force.

9.  The Policies are comprehensive and include coverage for commercial property, including but not limited to, loss of use of Schwartz's building, personal property, and personal property of others under certain circumstances.

10. The Policies provide coverage to Schwartz for, among other things, business income, extra expense and civil authority relating to any covered loss under the Policies.

11. The Policies are both "all risk policies", which cover all risks unless clearly and specifically excluded.

**B.  The Government Closure Of Non-Essential Businesses In Philadelphia.**

12. On March 6, 2020, in response to the 2019 novel coronavirus disease (COVID-19), Pennsylvania Governor Tom Wolf issued a Proclamation of Disaster Emergency.

13. On March 16, 2020, Governor Wolf announced that Pennsylvania was imposing mitigation efforts to curtail the spread of COVID-19 across the Commonwealth and called on nonessential businesses to close beginning at midnight Tuesday March 17, 2020.

14. On Monday, March 16, 2020, Jim Kenney, the Mayor of Philadelphia, ordered that all nonessential businesses shut down by 5 p.m. that day.

15. On March 17, 2020, Mayor Kenney and the Philadelphia Commissioner of Health jointly issued an Emergency Order prohibiting the operation of non-essential businesses.

16. On March 17, 2020, the Court of Common Pleas of Philadelphia County announced that other than limited emergency services, the courts would be closed until April 1, 2020, or until further order from the Court. That order has since been extended to May 29, 2020.

17. On March 18, 2020, the Pennsylvania Supreme Court announced that all courts throughout the Commonwealth would be closed except for limited emergent proceedings. The Supreme Court has since directed local courts to reopen, but has also held that those courts subject

to local emergency orders should remain closed except for the limited circumstances discussed above.

18. On March 19, 2020, Governor Wolf announced that the Commonwealth was ordering all non-life-sustaining businesses in Pennsylvania to close their physical locations as of 8:00 pm on March 19th and that enforcement actions against business that did not comply would begin on March 21st. Businesses such as Plaintiff's were not considered life-saving and thus could not continue to function in their office location.

19. On March 22, 2020, Mayor Kenney issued an emergency order, among other things, prohibiting the operation of non-essential businesses/activities in Philadelphia.

20. The announcements, proclamations and orders of the Pennsylvania Governor, Philadelphia Mayor, the Pennsylvania Department of Health, the Philadelphia Commissioner of Health, the Philadelphia Court of Common Pleas, and the Pennsylvania Supreme Court cited above are collectively referred to as the "Orders."

## C. The Impact On Schwartz's Business.

21. Schwartz is a Philadelphia-based law firm specializing in family law, and its attorneys frequently receive clients in its office and appear in Family Court.

22. Schwartz was doing substantial business at the time it was forced to close its offices to the public and was unable to make further appearances in Family Court due to the Orders. Its business has since been cut in half. Schwartz's lawyers are attempted to make up for lost revenue by building up their mediation practice, and can continue to appear in Family Court for the purpose of seeking protection from abuse orders, but those activities have failed to fully account for the shortfall. Schwartz's income has been reduced to a trickle.

6

23. The diminishment of Schwartz's business is the result of the Orders. To Plaintiff's knowledge, at no time has any employee or client of Schwartz been diagnosed with COVID-19.

24. The Orders are physically impacting Schwartz. Any effort by Selective to deny the physical loss and damage would constitute a false and potentially fraudulent misrepresentation that could endanger Schwartz and the public.

## COUNT I – DECLARATORY JUDGMENT

25. Plaintiff Schwartz incorporates by reference the foregoing paragraphs as if fully set forth herein.

26. Plaintiff Schwartz requests that this Court determine its rights under the insurance policies issued by Selective. Pennsylvania courts have the "power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." 42 Pa. C.S. § 7532. "Any person interested under a … written contract … or whose rights, status, or other legal relations are affected by a … contract … may have determined any question of construction or validity arising under the … contract … and obtain a declaration of rights, status, or other legal relations thereunder." 42 Pa. C.S. § 7533. "A contract may be construed either before or after there has been a breach thereof." 42 Pa. C.S. § 7534.

27. A declaratory judgment determining Schwartz's right to coverage under the Policies will ensure that Schwartz receives the coverage it paid for at the time it is needed. Schwartz is suffering significant business losses and extra expenses as a result of the Orders, and coverage is vital to Schwartz's ability to continue as business.

28. Insurers throughout the country have been routinely denying coverage for business interruption losses associated with business closures resulting from "Stay at Home" orders or other

7

orders that restrict the ability of non-essential businesses to conduct business. As a result, Plaintiff seeks a declaration of its rights and Selective's obligations under the Policies.

29. Plaintiff seeks a declaration that Selective is obligated to provide business interruption and extra expense coverage under the Policies, including coverage under the Civil Authority provision.

30. In this respect, Plaintiff seeks declarations that:

   a. The Orders trigger coverage under the Policies;

   b. Selective is obligated to provide business interruption coverage to Plaintiff;

   c. Selective is obligated to provide extra expense coverage to Plaintiff;

   d. Selective is obligated to provide coverage to Plaintiff under the Civil Authority provisions of the Policies;

   e. Schwartz has a reasonable expectation of coverage for these losses under the Policies;

   f. The virus exclusion in the Policies does not apply to the losses asserted by Plaintiff; and

   g. Application of the virus exclusion in the Policies to Plaintiff's losses are void as against public policy.

31. Plaintiff is not seeking a determination of whether the Coronavirus was present in its business, the amount of Schwartz's damages or any remedy other than the requested declaratory relief.

WHEREFORE, Plaintiff Schwartz moves this Court to enter a declaratory judgment that Selective is obligated to provide coverage to Schwartz for business interruption and extra expense losses from the closure of its business as a result of the Orders, and that:

Case ID: 200700466

a. The Orders trigger coverage under the Policies;

b. Selective is obligated to provide business interruption coverage to Plaintiff;

c. Selective is obligated to provide extra expense coverage to Plaintiff;

d. Selective is obligated to provide coverage to Plaintiff under the Civil Authority provisions of the Policies;

e. Schwartz has a reasonable expectation of coverage for these losses under the Policies;

f. The virus exclusion in the Policies does not apply to the losses asserted by Plaintiff; and

g. Application of the virus exclusion in Policies Policy to Plaintiff's losses are void as against public policy.

Respectfully submitted,

**FERRARA LAW GROUP, P.C.**

DATE: July 8, 2020              BY: /s/ Aaron L. Peskin
                                AARON L. PESKIN, ESQUIRE
                                Attorney for Plaintiff Schwartz Law Firm, LLC

Case ID: 200700466

## VERIFICATION

I, Lee Schwartz, state that I am a shareholder and manager of a named party in the litigation; that I am acquainted with the factual averments or denials of fact, if any, set forth within the foregoing Complaint; that the same are true and correct to the best of my knowledge, information and belief. This Verification is made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

_____
Lee Schwartz

Case ID: 200700466