## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SCHWARTZ LAW FIRM, LLC,

*Plaintiff*,

v.

SELECTIVE INSURANCE COMPANY
OF SOUTH CAROLINA,

*Defendant*.

CIVIL ACTION
NO. 20-06055

**PAPPERT, J.**                                         **February 23, 2021**

### <u>MEMORANDUM</u>

Selective Insurance Company of South Carolina moves to dismiss the Schwartz Law Firm's Complaint, originally filed in the Philadelphia County Court of Common Pleas.  (ECF No. 10.)  Schwartz moves to remand this case back to state court.  (ECF No. 11.)  For the reasons that follow, the Court grants the Motion to Remand and thus need not address Selective's Motion to Dismiss.

I

To purportedly slow the spread of the COVID-19 pandemic, local and state governments have issued shutdown orders mandating the closure or significant modification of what they deem to be "non-essential" businesses.  Schwartz alleges that shutdown orders in Pennsylvania and Philadelphia forced it to close its offices, causing significant losses in revenue.  (Mot. to Remand, Exh. A, Compl. ¶¶ 22–24.)  It seeks to recover these losses from Selective, with whom it has two insurance policies that allegedly cover losses in business income, extra expenses and losses caused by actions of a civil authority.  (*Id.* at ¶¶ 6–11.)

1

Schwartz originally sought a judgment in the Philadelphia County Court of Common Pleas declaring its rights under these insurance policies. (Mot. to Remand, Exh. A.) Selective timely removed the case to this Court and moved to dismiss the Complaint. Schwartz responded to the Motion to Dismiss while also moving to remand the case back to state court, arguing that the Court should decline to exercise its jurisdiction under the Declaratory Judgment Act. Specifically, Schwartz argues that "the unprecedented pandemic coupled with the unsettled and important matters of state insurance coverage law and state public policy" weigh in favor of remand. (*Id.* at 6.) And it argues that the federal courts have no interest in state law-based insurance disputes, an argument that several courts in this Circuit have recently embraced. (*Id.* at 5–6.) Selective responds that remand is not warranted because this case involves the application of "rudimentary principles of contract interpretation," not unsettled issues of state law and Pennsylvania public policy. (Resp. to Mot. to Remand. 6, ECF No. 17.)

II

The Declaratory Judgment Act provides that a court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. "The Supreme Court has long held that this confers discretionary, rather than compulsory, jurisdiction upon federal courts." *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 134 (3d Cir. 2014) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942)). So district courts "possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise

2

satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995).[1]

## III

### A

When determining whether to decline jurisdiction under the DJA, the Court must first determine whether "the plaintiff asserts 'an independent claim seeking legal relief.'" *V&S Elmwood Lanes, Inc. v. Everest Nat'l Ins. Co.*, No. 20-cv-3444, 2021 WL 84066, at *2 (E.D. Pa. Jan. 11, 2021) (quoting *Greg Prosmushkin, P.C. v. Hanover Ins. Grp.*, No. 20-2561, 2020 WL 4735498, at *2 (E.D. Pa. Aug. 14, 2020)). "Where the plaintiff [ ] asserts [only] a claim for declaratory relief, 'the court retains discretion to decline jurisdiction of the entire action' after considering a multi-factor test set forth by the Third Circuit in *Reifer*." *Id.* (quoting *Rarick v. Federated Serv. Ins. Co.*, 852 F.3d 223, 229 (3d Cir. 2017)). Schwartz asserts only a claim for declaratory relief, so the Court may exercise discretion under the DJA. (Mot. to Remand, Exh. A, Compl. at ¶¶ 25–31.)

### B

Courts in this Circuit consider the following factors when deciding whether to exercise jurisdiction under the DJA:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
>
> (2) the convenience of the parties;

---

[1] Although Schwartz originally brought its declaratory judgment action under Pennsylvania law, the principles governing a district court's discretion under the DJA "apply to a case removed to federal court where a party seeks a declaratory judgment under the state's declaratory judgment act." *Lambert v. State Farm Mut. Auto. Ins. Co.*, 417 F. Supp. 3d 629, 633 (E.D. Pa. 2019) (citing *Reifer*, 751 F.3d at 134 n. 4.)

(3) the public interest in settlement of the uncertainty of obligation;

(4) the availability and relative convenience of other remedies;

(5) a general policy of restraint when the same issues are pending in a state court;

(6) avoidance of duplicative litigation;

(7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata; and

(8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

*Reifer*, 751 F.3d at 146.  None of these factors weigh significantly in favor of the Court retaining jurisdiction.  By contrast, the first, third, fifth and sixth factors support remanding this case to the state court.

1

Although a declaration from this Court would "resolve the uncertainty of obligation" for the parties in this particular case, it would do nothing to clarify the state court landscape for COVID-19 insurance disputes because "[i]n the absence of a controlling decision by the Pennsylvania Supreme Court, a federal court applying that state's substantive law must predict how Pennsylvania's highest court would decide [the] case." *Berrier v. Simplicity Mfg., Inc.*, 563 F.3d 38, 45–46 (3d Cir. 2009).  The Court's prediction would not bind any courts considering similar disputes.  By contrast, state court resolution would contribute to a necessary and still developing legal framework governing COVID-19 insurance disputes.

2

*Reifer*'s third factor directs courts to consider "the public interest in settlement of the uncertainty of obligation."  751 F.3d at 146.  Although the public interest in resolving these disputes is high, "it is counterproductive for a district court to entertain jurisdiction over a declaratory judgment action that implicates unsettled questions of state law . . . . Such matters should proceed in normal fashion through the state court system."  *State Auto Ins. Companies v. Summy*, 234 F.3d 131, 135 (3d Cir. 2000), *as amended* (Jan. 30, 2001).

Selective argues that "the state-law issues in this case are neither novel nor unsettled.  They are rudimentary principles of contract interpretation."  (Resp. to Mot. at 6.)  Not so much.  This case, like the many others involving insurance disputes stemming from COVID-19 shutdowns, presents novel and unsettled state law and public policy issues.  Confronted with the same argument, one of our sister districts recently explained:

> Despite Defendant's arguments to the contrary, this matter does not involve a run-of-the-mill insurance coverage dispute.  Rather, this dispute emanates from a once-in-a-lifetime pandemic that has spurred the mass closure of businesses throughout the State of New Jersey, and in that context, whether the losses caused by those closures are covered by commercial insurance contracts.  Invariably, consideration of these claims will require careful weighing of public policy in an area of state law that is not only unsettled, but the outcome of this dispute would undoubtedly have a far-reaching effect on businesses in New Jersey.  Because of this unique circumstance, the Court is hesitant to exercise jurisdiction and weigh in on an important state issue in the first instance.

*Mark Daniel Hosp., LLC v. AmGUARD Ins. Co.*, No. 20-cv-6772, 2020 WL 6111039, at *4 (D.N.J. Oct. 16, 2020).  No less than the dispute in that case, the issue in this one is "far-reaching" and requires "careful weighing" of Pennsylvania public policy.  *See id.*

And since "there is not yet a body of caselaw developed by Pennsylvania courts on these issues due to the relative recency of the COVID-19 pandemic," *V&S Elmwood Lanes, Inc.*, 2021 WL 84066, at *4 (quoting *DiAnoia's Eatery, LLC v. Motorists Mut. Ins. Co.*, No. 20-787, 2020 WL 5051459, at *3 (W.D. Pa. Aug. 27, 2020)), the public is not better served by federal courts resolving these state law issues. *See Summy*, 234 F.3d at 135 ("[W]here the applicable state law is uncertain or undetermined, district courts should be particularly reluctant to entertain declaratory judgment actions."); *id.* at 136 ("The desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum.").[2]

3

The fifth *Reifer* factor counsels restraint when the same issue in a federal case is pending in state court. 751 F.3d at 146. Whether an insured is covered for losses caused by COVID-19 is an issue pending in the Pennsylvania state courts. *See* Covid Coverage Litigation Tracker, Ins. L. Analytics (U. Penn. Carey L. Sch.), cclt.law.upenn.edu/cclt-case-list (last visited February 22, 2021) (tracking COVID-19-related insurance litigation in Pennsylvania state and federal courts). "Courts in this Circuit have recognized that such cases are pending and, as a result, determined that the fifth factor weighs against retaining jurisdiction." *V&S Elmwood Lanes, Inc.*, 2021 WL 84066, at *4 (citing *DiAnoia's Eatery, LLC*, 2020 WL 5051459, at *3). Plus, "by declining to exercise jurisdiction, 'this Court will leave the matter to be decided by a

---

[2] Selective cites cases in which a federal court exercised jurisdiction under the DJA to consider business insurance disputes related to COVID-19. (Resp. to Mot. at 9.) But in many of those cases "the plaintiff asserted an independent claim for breach of contract in addition to seeking a declaratory judgment" or the case had not been removed from state court and the court did not consider declining jurisdiction under the DJA. *V&S Elmwood Lanes, Inc.*, 2021 WL 84066, at *4 (analyzing several of the cases Selective cites); *see* (Resp. to Mot. at 9).

state court and avoid the potential for duplicative litigation,' as encouraged by [*Reifer*]
factor six." *Venezie Sporting Goods, LLC v. Allied Ins. Co. of Am.*, No. 20-cv-1066, 2020
WL 5651598, at *2 (W.D. Pa. Sept. 23, 2020) (quoting *Allstate Ins. Co. v. Antoine*, No.
11-cv-5830, 2012 WL 707069, at *5 (E.D. Pa. Mar. 6, 2012)).

4

In sum, the *Reifer* factors weigh strongly against exercising jurisdiction over
Schwartz's single DJA claim.  The Court will therefore adhere to the principle that "it is
important that district courts 'step back' and allow the state courts the opportunity to
resolve unsettled state law matters." *Summy*, 234 F.3d at 136.  "This conclusion is
consistent with a number of prior decisions in this Circuit declining jurisdiction over
similar actions where the plaintiff [ ] sought [only] declaratory relief." *V&S Elmwood
Lanes, Inc.*, 2021 WL 84066, at *4  (citing *Greg Prosmushkin*, 2020 WL 4735498, at *5
(declining jurisdiction where "[p]laintiffs have not brought a claim for any legal relief");
*Venezie Sporting Goods*, 2020 WL 5651598, at *2 (declining jurisdiction where "the
relief sought is purely declaratory"); *DiAnoia's Eatery*, 2020 WL 5051459, at *2
(declining jurisdiction in "single-count declaratory judgment action"); *Mattdogg*, 2020
WL 6111038, at *3 (declining jurisdiction where "[p]laintiff seeks only declaratory
relief"); *Umami Pittsburgh, LLC v. Motorists Commer. Mut. Ins. Co.*, No. 20-999, at 1
n.1 (W.D. Pa. Aug. 26, 2020) (declining jurisdiction where "[p]laintiff seeks solely
declaratory relief")).

An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*

GERALD J. PAPPERT,